1  Regina J. McClendon (State Bar No. 184669)
   rmcclendon@lockelord.com
2  Stephanie A. Chambers-Wraight (State Bar No. 261025)
   swraight@lockelord.com
3  LOCKE LORD LLP
   44 Montgomery Street, Suite 4100
4  San Francisco, CA  94104
   Telephone:  415-318-8810
5  Fax:  415-676-5816

6

7  Attorneys for Defendant
   WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER WITH WELLS FARGO BANK
8  SOUTHWEST N.A., FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB, FORMERLY
   KNOWN AS WORLD SAVINGS BANK FSB

9

10                         UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12

13  CLINT CARLEY; KRISTAL CARLEY,              )   CASE NO. 4:14-cv-03147-JSW
                                               )
14                    Plaintiffs,              )   **NOTICE OF MOTION AND**
                                               )   **MOTION TO DISMISS**
15        vs.                                  )   **COMPLAINT FOR FAILURE TO**
                                               )   **STATE A CLAIM;**
16                                             )   **MEMORANDUM OF POINTS AND**
    WELLS FARGO BANK, Formerly Known As        )   **AUTHORITIES IN SUPPORT**
17  WORLD SAVINGS BANK; CAL-WESTERN            )   **THEREOF**
    RECONVEYANCE, LLC; DOES 1 – 50, Inclusive, )
18                                             )
19                    Defendants.              )   Date:        September 12, 2014
                                               )   Time:        9:00 a.m.
20                                             )   Courtroom:   5 - 2nd Floor
                                               )
21                                             )   Complaint Filed:  June 9, 2014
                                               )
22  _____ )

23

24

25

26

27

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that on September 12, 2014, at 9:00 a.m., or as soon thereafter as

3 the matter may be heard in the above-entitled Court, defendant Wells Fargo Bank, N.A., successor

4 by merger with Wells Fargo Bank Southwest N.A., formerly known as Wachovia Mortgage FSB,

5 formerly known as World Savings Bank FSB ("Wells Fargo") (incorrectly sued herein as Wells

6 Fargo Bank, formerly known as World Savings Bank) will bring for hearing, in Courtroom 5 of the

7 United States Courthouse located at 1301 Clay Street, Oakland, California, its Motion to Dismiss the

8 Complaint filed by plaintiffs Clint Carley and Kristal Carley.

9  Wells Fargo seeks dismissal of the Complaint and each of its causes of action pursuant to

10 Federal Rule of Civil Procedure 12(b)(6) on the ground that they fail to state a claim upon which

11 relief can be granted.

12  This Motion is based on this Notice of Motion and Motion, the below Memorandum of

13 Points and Authorities, the concurrently-filed Request for Judicial Notice, the pleadings, papers and

14 records on file in this action, and such oral argument as may be presented at the time of the hearing.

15

16 Dated: July 28, 2014                    Respectfully submitted,

17                                         LOCKE LORD LLP

18

19

20 By: *Stephanie A. Chambers-Wraight*
    Regina J. McClendon
21   Stephanie A. Chambers-Wraight
    Attorneys for Defendant
22   WELLS FARGO BANK, N.A., SUCCESSOR
    BY MERGER WITH WELLS FARGO BANK
23   SOUTHWEST N.A., FORMERLY KNOWN AS
    WACHOVIA MORTGAGE FSB, FORMERLY
24   KNOWN AS WORLD SAVINGS BANK FSB

25

26

27

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**STATEMENT OF ISSUES TO BE DECIDED**

The issues to be decided in this motion are:

1.      Whether Plaintiffs' first cause of action for Wrongful Foreclosure states a claim upon which relief can be granted as to Wells Fargo.

2.      Whether Plaintiffs' second cause of action for Promissory Estoppel states a claim upon which relief can be granted as to Wells Fargo.

3.      Whether Plaintiffs' third cause of action for  Breach of Covenant of Good Faith and Fair Dealing states a claim upon which relief can be granted as to Wells Fargo.

4.      Whether Plaintiffs' fourth cause of action for Unfair Business Practices states a claim upon which relief can be granted as to Wells Fargo.

5.      Whether Plaintiffs' fifth cause of action for Accounting states a claim upon which relief can be granted as to Wells Fargo.


Dated:  July 28, 2014                                    Respectfully submitted,

                                                                 LOCKE LORD LLP



                                                                 By:  *Stephanie A. Chambers-Wraight*
                                                                 Regina J. McClendon
                                                                 Stephanie A. Chambers-Wraight
                                                                 Attorneys for Defendant
                                                                 WELLS FARGO BANK, N.A., SUCCESSOR
                                                                 BY MERGER WITH WELLS FARGO BANK
                                                                 SOUTHWEST N.A., FORMERLY KNOWN AS
                                                                 WACHOVIA MORTGAGE FSB, FORMERLY
                                                                 KNOWN AS WORLD SAVINGS BANK FSB

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Carley v. Wells Fargo Bank, et al.*; Case No. 4:14-cv-03147-JSW

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

# SUMMARY OF ARGUMENT

Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest N.A., formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank FSB ("Wells Fargo") (incorrectly sued herein as Wells Fargo Bank, formerly known as World Savings Bank) moves to dismiss the complaint filed by plaintiffs Clint Carley and Kristal Carley (collectively, "Plaintiffs") for failure to state a claim.

Plaintiffs' complaint does not satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, as it consists of mere boilerplate allegations. *See Corazon v. Aurora Loan Services, LLC*, 2011 WL 1740099, *5 (N.D. Cal. May 5, 2011).

Further, each of Plaintiffs' claims is preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. §§ 1461, *et seq*. ("HOLA").  "HOLA's implementing regulations set forth a list, 'without limitation,' of the categories of state laws that are expressly preempted…" *Casas v. Wells Fargo Bank N.A.*, 2012 WL 5877641, *3 (N.D. Cal. 2012).   Although "Wells Fargo is not a federal savings bank, as successor-in-interest to World Savings Bank, a federal savings bank and the loan originator, [it] will be treated as such for the purposes of preemption under HOLA." *See Casas*, 2012 WL 5877641 at *3.  Plaintiffs' claims directly implicate several preempted categories, including loan servicing and processing under section 560.2(b)(10) and terms of credit and adjustments to loan terms under section 560.2(b)(4), and must be dismissed as preempted by HOLA.  *See Marquez v. Wells Fargo Bank, N.A.*, 2013 WL 5141689, *5 (N.D. Cal. Sept. 13, 2013) (dismissing HBOR, UCL, and breach of implied covenant claims premised on allegations that Wells Fargo improperly evaluated the plaintiff for a loan modification on the basis of preemption).

And Plaintiffs' claims would fail even if they were not preempted.  Plaintiffs' first cause of action for various alleged violations of HBOR must fail for the additional reason that Plaintiffs fail to allege that Wells Fargo is not in compliance with the consent judgment entered in *United States of America et al. v. Bank of America Corporation et al*.  Further, Plaintiffs fail to allege facts sufficient to show that Wells Fargo violated any of the statutory provisions enumerated in the complaint.

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Carley v. Wells Fargo Bank, et al.*; Case No. 4:14-cv-03147-JSW

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  Plaintiffs also fail to assert a valid claim for promissory estoppel, as they fatally fail to

2  identify a "clear promise" that is attributable to Wells Fargo.  *See Melegrito v. CitiMortgage Inc*.,

3  2011 WL 2197534, *13 (N.D. Cal. June 6, 2011)

4  Nor do Plaintiffs assert a valid claim for breach of the implied covenant of good faith and fair

5  dealing, as they fail to point to any provision on their loan documents that would somehow entitle

6  them to receive a loan modification.  *See Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*,

7  11 Cal.App.4th 1031, 1032 (1992).

8  Plaintiffs' claim for violations of California's Business and Professions Code section 17200

9  (the "UCL") fails to demonstrate that Wells Fargo engaged in unlawful, unfair, or fraudulent

10  behavior.  *See Krantz v. BT Visual Images, LLC*, 89 Cal.App.4th 164, 178 (2001); *Scripps Clinic v.*

11  *Superior Court*, 108 Cal.App.4th 917, 940 (2003); *Khoury v. Maly's of Cal., Inc.,* 14 Cal.App.4th

12  612, 619 (1993).  Plaintiffs also lack standing under the UCL because they do not allege that they

13  have lost any money or property to Wells Fargo.  *DeLeon v. Wells Fargo Bank, N.A*., 2011 WL

14  311376, *7  (N.D. Cal. Jan. 28, 2011).

15  Finally, Plaintiffs' claim for accounting must fail, as they have not pled the existence of a

16  special relationship with Wells Fargo.  *See Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6 (1950).  Nor

17  have Plaintiffs alleged that "some balance is due [to them]" from Wells Fargo.  *Id.*

18  For all of these reasons, Wells Fargo's motion to dismiss should be granted in its entirety.

19

20  Dated:  July 28, 2014                              Respectfully submitted,

21                                                             LOCKE LORD LLP

22

23                                                             By:  *Stephanie A. Chambers-Wraight*

24                                                             Regina J. McClendon
                                                                  Stephanie A. Chambers-Wraight
25                                                             Attorneys for Defendant
                                                                  WELLS FARGO BANK, N.A., SUCCESSOR
26                                                             BY MERGER WITH WELLS FARGO BANK
                                                                  SOUTHWEST N.A., FORMERLY KNOWN AS
27                                                             WACHOVIA MORTGAGE FSB, FORMERLY
                                                                  KNOWN AS WORLD SAVINGS BANK FSB
28

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  STATEMENT OF FACTS ..................................................................................1

III. LEGAL ARGUMENT.........................................................................................2

    A.   Plaintiffs' Complaint Does Not Satisfy Rule 8(a) ....................................2

    B.   Plaintiffs' Claims Against Wells Fargo Are Preempted ...........................2

        1.   HOLA preempts various categories of state law claims asserted against Wells Fargo, as successor-in-interest to World Savings Bank ........................3

        2.   Plaintiffs' specific claims are preempted by HOLA.........................................5

    C.   Plaintiffs' First Cause Of Action For Wrongful Foreclosure Fails To State A Claim...................................................................................................................6

        1.   Plaintiffs fail to allege a lack of compliance with the consent judgment .........6

        2.   Plaintiffs' first cause of action fails for additional reasons............................7

    D.   Plaintiffs' Second Cause Of Action For Promissory Estoppel Fails To State A Claim...................................................................................................................10

    E.   Plaintiffs' Third Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing Fails To State A Claim...............................................................12

    F.   Plaintiffs' Fourth Cause Of Action For Unfair Business Practices Fails To State A Claim...................................................................................................................13

    G.   Plaintiffs' Fifth Cause Of Action For Accounting Fails To State A Claim.................15

IV.  CONCLUSION......................................................................................................15

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Carley v. Wells Fargo Bank, et al.*; Case No. 4:14-cv-03147-JSW

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Agosta v. Astor*,
120 Cal. App. 4th 596 (2004) ...................................................................12

*Akopyan v. Wells Fargo Home Mortgage, Inc.*,
215 Cal.App.4th 120 (2013) .....................................................................4

*Alperin v. Vatican Bank*,
410 F.3d 532 (9th Cir. 2005) .....................................................................1

*Ambers v. Wells Fargo Bank, N.A.*,
2014 WL 883752 (N.D. Cal. March 3, 2014) ..........................................3

*Appling v. Wachovia Mortg., FSB*,
745 F.Supp.2d 961 (N.D. Cal. 2010) .......................................................4

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009) ...............................................................................2

*Auer v. Robbins*,
519 U.S. 452 (1997) ..................................................................................5

*Babb v. Wachovia Mortg., FSB*,
2013 WL 3985001 (C.D. Cal. July 26, 2013) ..........................................4

*Bell Atlantic Co. v. Twombly*,
550 U.S. 544 (2007) .............................................................................2, 10

*Benham v. Aurora Loan Services*,
2009 WL 2880232 (N.D. Cal. Sept. 1, 2009) .........................................12

*Bernardo v. Planned Parenthood Fed. of America*,
115 Cal.App.4th 322 (2004) ...................................................................13

*Bionghi v. Metro Water Dist.*,
70 Cal.App.4th 1358 (1999) ....................................................................13

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
222 Cal.App.3d 1371 (1990) ..................................................................13

*Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
2 Cal.4th 342 (1992) ...............................................................................12

*Casas v. Wells Fargo Bank N.A.*,
2012 WL 5877641 (N.D. Cal. 2012) .......................................................3

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Carley v. Wells Fargo Bank, et al.*; Case No. 4:14-cv-03147-JSW

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

*Chroma Lighting v. GTE Products Corp.*,
   111 F.3d 137, 1997 WL 175062 (9th Cir. 1997) ................... 12

*Cleveland v. Aurora Loan Services, LLC*,
   2011 WL 2020565 (N.D. Cal. May 24, 2011) ...................7

*Daro v. Superior Court*,
   151 Cal. App. 4th 1079 (2007) ................... 14

*DeLeon v. Wells Fargo Bank, N.A.*,
   2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ................... 14

*Dooms v. Federal Home Loan Mortg. Corp.*,
   2011 WL 1232989 (E.D. Cal. Mar. 31, 2011) ................... 11

*Ehlert v. America's Servicing Co.*,
   2011 WL 4862426 (S.D. Cal. Oct. 12, 2011) ................... 11

*Flowers v. Wells Fargo Bank, N.A.*,
   2011 WL 2748650 (N.D. Cal. July 13, 2011) ................... 15

*Hayes v. Wells Fargo Bank, N.A.*,
   2014 WL 3014906 (S.D. Cal. July 3, 2014) ...................3

*Hoffman v. Bank of America, N.A.*,
   2010 WL 2635773 (N.D. Cal. June 30, 2010) ...................7

*Khoury v. Maly's of Cal., Inc.*,
   14 Cal.App.4th 612 (1993) ................... 14

*Krantz v. BT Visual Images, LLC*,
   89 Cal.App.4th 164 (2001) ................... 14

*Kritzer v. Lancaster*,
   96 Cal.App.2d 1 (1950) ................... 15

*Lal v. American Home Mortg. Servicing, Inc.*,
   2009 WL 3126450 (E.D. Cal. Sept. 24, 2009) ................... 13

*Leids v. Metlife Home Loans*,
   2009 WL 4894991 (C.D. Cal. Dec. 7, 2009) ................... 13

*Lindberg v. Wells Fargo Bank N.A.*,
   2013 WL 1736785 (N.D. Cal. Apr. 22, 2013) ...................8

*Long Island Care at Home, Ltd. v. Coke*,
   551 U.S. 158 (2007) ...................5

*Marquez v. Wells Fargo Bank, N.A.*,
   2013 WL 5141689 (N.D. Cal. Sept. 13, 2013) ...................4, 6

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

*Marshall v. Wells Fargo Bank,*
   2013 WL 3287687 (N.D. Cal. June 27, 2013) ................................................................6

*Melegrito v. CitiMortgage Inc.,*
   2011 WL 2197534 (N.D. Cal. June 6, 2011) ................................................................11

*Metzger v. Wells Fargo Bank, N.A.,*
   2014 WL 1689278 (C.D. Cal. Apr. 28, 2014) ......................................................4, 5, 6

*Mir v. Little Co. of Mary Hosp.,*
   844 F.2d 646 (9th Cir. 1988) ......................................................................................1

*Mitchell v. Wells Fargo Bank, N.A.,*
   2014 U.S. Dist. LEXIS 7803 (N.D. Cal. Jan. 21, 2014) ..............................................7

*Nastrom v. JPMorgan Chase Bank, N.A.,*
   2012 WL 5522795 (E.D. Cal. Nov. 14, 2012) ..............................................................8

*Oaks Management Corporation. v. Superior Court*
   145 Cal.App.4th 453 (2006) 466 ..............................................................................15

*Omega v. Wells Fargo & Co.,*
   2011 WL 4345046 (N.D. Cal. Sept. 14, 2011) ............................................................5

*Ortiz v. Accredited Home Lenders, Inc.,*
   639 F.Supp.2d 1159 (S.D. Cal. 2009) ........................................................................7

*Pantoja v. Countrywide Home Loans, Inc.,*
   640 F.Supp.2d 1177 (N.D. Cal. 2009) ......................................................................14

*Pareto v. F.D.I.C.,*
   139 F.3d 696 (9th Cir. 1998) ......................................................................................1

*Pension Trust Fund v. Federal Ins. Co.,*
   307 F.3d 944 (9th Cir. 2002) ....................................................................................13

*Perez v. Wells Fargo Bank, N.A.,*
   2011 WL 3809808 (N.D. Cal. Aug, 29, 2011) ..........................................................14

*Quintero Family Trust v. OneWest Bank, F.S.B.,*
   2010 WL 392312 (S.D. Cal. Jan. 27, 2010) ................................................................7

*Racine & Laramie, Ltd. v. Dep't of Parks and Recreation,*
   11 Cal. App. 4th 1031 (1992) ....................................................................................12

*Rosenfeld v. JPMorgan Chase Bank, N.A.,*
   732 F.Supp.2d 952 (N.D. Cal. 2010) ..........................................................................8

*Roussel v. Wells Fargo Bank,*
   2012 WL 5301909 (N.D. Cal. October 25, 2012) ......................................................12

iv

*Scripps Clinic v. Superior Court*,
    108 Cal. App. 4th 917 (2003) ........................................................................14

*Silvas v. E\*Trade Mortg. Corp.*,
    514 F.3d 1001 (9th Cir. 2008) .....................................................................3, 5

*Taguinod v. World Sav. Bank, FSB*,
    755 F.Supp.2d 1064 (C.D. Cal. 2010) ............................................................5

*US Ecology, Inc. v. State of California*,
    129 Cal.App.4th 887 (2005) ..........................................................................11

*Williams v. Wells Fargo Bank, NA*,
    2013 WL 2047000 (C.D. Cal. May 13, 2013) .................................................4

**STATUTES**

12 U.S.C. § 1461 ............................................................................... passim

12 U.S.C. § 5553 ...........................................................................................4

Cal. Bus. & Prof. Code § 17200 ....................................................... passim

Cal. Bus. & Prof. Code § 17204 .................................................................13

Cal. Civ. Code § 2923.5 .........................................................................5, 7, 8

Cal. Civ. Code § 2923.6 .................................................................7, 8, 9, 10

Cal. Civ. Code § 2923.7 .................................................................................9

Cal. Civ. Code § 2924.11 ...............................................................................9

Cal. Civ. Code § 2924.12 ...............................................................................6

Cal. Civ. Code § 2924.17 ...........................................................................9, 10

Cal. Civ. Code § 2924.18 .............................................................................10

**FEDERAL REGULATIONS**

12 C.F.R. § 560 ............................................................................................2

12 C.F.R. § 560.2 ...................................................................................3, 5, 6

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Carley v. Wells Fargo Bank, et al.*; Case No. 4:14-cv-03147-JSW

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    INTRODUCTION

3       Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest

4   N.A., formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank FSB

5   ("Wells Fargo") (incorrectly sued herein as Wells Fargo Bank, formerly known as World Savings

6   Bank) moves to dismiss the complaint filed by plaintiffs Clint Carley and Kristal Carley

7   (collectively, "Plaintiffs") for failure to state a claim.

8

## II.   STATEMENT OF FACTS

9       On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint,

10  but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005).  In resolving

11  a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as

12  well as reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th

13  Cir. 1998).  "It is proper for the district court to 'take judicial notice of matters of public record

14  outside the pleadings' and consider them for purposes of the motion to dismiss."  *Mir v. Little Co. of*

15  *Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).  Thus without conceding for any other purpose the

16  truth of Plaintiffs' allegations, Wells Fargo sets forth the facts pertinent to this motion.

17      Plaintiffs, along with non-parties Rickey Carley and Lucinda Carley (the "Co-Borrowers")

18  obtained a loan from World Savings Bank, FSB ("World Savings") in the original amount of

19  $731,250.00.  This loan was secured by a deed of trust recorded against the real property located at

20  1055 King Ridge Road, Ukiah, California (the "Property") on February 16, 2007.  Compl., ¶¶ 1 – 2,

21  15; Request for Judicial Notice ["RJN"], Exh. A.  The deed of trust provided that the lender and

22  beneficiary was World Savings and the trustee was Golden West Savings Association Service, Co.

23  RJN, Exh. A. World Savings was a federal savings bank chartered under the Home Owner's Loan

24  Act and regulated by the Treasury Department's Office of Thrift Supervision.  RJN, Exh. B.

25  Effective December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB.  RJN,

26  Exh. C.  Wachovia remained a federal savings bank until November 1, 2009, when it changed its

27  name to Wells Fargo Bank Southwest, N.A. and merged into Wells Fargo Bank, N.A.  RJN, Exhs D

28  – E.  Cal-Western Reconveyance LLC was later named the substitute trustee of the deed, of trust,

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1

1  and a substitution of trustee was recorded on March 19, 2014.  RJN, Exh. F.

2         As a result of Plaintiffs' default, a notice of default was recorded against the Property on

3  March 19, 2014. Compl., ¶ 9; RJN, Exh. G.  This document reflects a default of over $74,000 as of

4  March 2014.  RJN, Exh. G.

5         Plaintiffs allege that Plaintiffs submitted a loan modification application to Wells Fargo in

6  December of 2011.  Compl., ¶ 15.  They claim that Wells Fargo advised the Co-Borrowers to

7  quitclaim their interest in the Property to Plaintiffs to allow the modification review to proceed only

8  as to Plaintiffs in 2013.  Compl., ¶ 16.  Plaintiffs complain that Wells Fargo engaged in various

9  violations of the Homeowners' Bill of Rights and failed to offer Plaintiffs a loan modification.

10  **III.   LEGAL ARGUMENT**

11         **A.      Plaintiffs' Complaint Does Not Satisfy Rule 8(a)**

12         As the Supreme Court has reiterated, Rule 8(a) "demands more than an unadorned, the-

13  defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A

14  complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set

15  of undisclosed facts' to support recovery."  *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 561 (2007).

16  To avoid dismissal under Rule 8(a), a plaintiff must plead sufficient facts "to provide the 'grounds'

17  of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a

18  formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555 (citations omitted).

19         Plaintiffs' allegations fall far short of alleging facts to state any claim that is plausible against

20  Wells Fargo.  Their complaint lacks the basic factual support necessary to substantiate their claims.

21  Plaintiffs' allegations are nothing more than bald legal conclusions absent any supporting facts.  As

22  none of Plaintiffs' causes of action allege sufficient facts to state claims for relief against Wells

23  Fargo, the entire complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8(a)(2).

24         **B.      Plaintiffs' Claims Against Wells Fargo Are Preempted**

25         Wells Fargo's motion to dismiss should be granted in its entirety because Plaintiffs' causes of

26  action are preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. §§ 1461, *et seq*. ("HOLA")

27  and its implementing regulations promulgated by the Treasury Department's Office of Thrift

28  Supervision ("OTS"), 12 C.F.R. §§ 560, *et seq*.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    **1.    HOLA preempts various categories of state law claims asserted against**

2    **Wells Fargo, as successor-in-interest to World Savings Bank**

3    HOLA was enacted "to charter savings associations under federal law…."  *Silvas v. E*Trade*

4    *Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008).  "To achieve this purpose, Congress authorized

5    the OTS to promulgate regulations governing federal savings associations."  *Casas v. Wells Fargo*

6    *Bank N.A.*, 2012 WL 5877641, *3 (N.D. Cal. 2012) (citing 12 U.S.C. § 1464; *Silvas*, 514 F.3d at

7    1005).  "OTS occupies the entire field in that regard."  *Id.* (citing 12 C.F.R. § 560.2(a)).

8    "HOLA's implementing regulations set forth a list, 'without limitation,' of the categories of

9    state laws that are expressly preempted…"  *Casas*, 2012 WL 5877641 at *3.  Those categories

10   include: "The terms of credit, including … adjustments to the interest rate, balance, payments due, or

11   term to maturity of the loan," "the circumstances under which a loan may be called due and payable

12   upon the passage of time or a specified event external to the loan," "Loan-related fees, including

13   without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit

14   fees," "Security property," "Disclosure and advertising," and "Processing, origination, servicing,

15   sale or purchase of, or investment or participation in, mortgages."  12 C.F.R. § 560.2(b)(4)-(5),

16   (b)(7), (b)(9)-(10).  "HOLA and its related regulations have been described as 'so pervasive as to

17   leave no room for state regulatory control.'"  *Casas*, 2012 WL 5877641 at *3 (quoting *Conference of*

18   *Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1260 (9th Cir.1979), *aff'd*, 445 U.S. 921 (1980)).

19   "HOLA applies to federal savings associations, including federal savings banks."  *Casas*,

20   2012 WL 5877641 at *3 (citing 12 U.S.C. § 1464).  And, here, just as in *Casas*, the loan at issue was

21   originated by World Savings Bank, Wells Fargo's predecessor-in-interest.  *See* RJN Exhs. A, B.

22   Although "Wells Fargo is not a federal savings bank, as successor-in-interest to World Savings

23   Bank, a federal savings bank and the loan originator, [it] will be treated as such for the purposes of

24   preemption under HOLA."  *See Casas*, 2012 WL 5877641 at *3; *accord: Hayes v. Wells Fargo*

25   *Bank, N.A.*, 2014 WL 3014906, *4 (S.D. Cal. July 3, 2014) (holding that HOLA preemption applies

26   to Wells Fargo as successor to World Savings); *Ambers v. Wells Fargo Bank, N.A.*, 2014 WL

27   883752, *6 (N.D. Cal. March 3, 2014) ("HOLA applies to this case even though Wells Fargo is not a

28   federal savings association because Brent Ambers's loan originated with World Savings Bank,

3

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Carley v. Wells Fargo Bank, et al.*; Case No. 4:14-cv-03147-JSW

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   which was a federally chartered savings association regulated by the OTS"); *Williams v. Wells*

2   *Fargo Bank, NA,* 2013 WL 2047000, *3 (C.D. Cal. May 13, 2013); *Appling v. Wachovia Mortg.,*

3   *FSB*, 745 F.Supp.2d 961, 971 (N.D. Cal. 2010).  "The fact that World Savings Bank changed its

4   name to Wachovia Mortgage, FSB, and subsequently merged into Wells Fargo does not render

5   HOLA inapplicable." *Marquez v. Wells Fargo Bank, N.A*., 2013 WL 5141689, *4 (N.D. Cal. Sept.

6   13, 2013).

7       Further, a number of courts have held that HOLA preemption attaches to the loan itself based

8   on provisions in the loan documents.  *See Babb v. Wachovia Mortg., FSB*, 2013 WL 3985001, *4

9   (C.D. Cal. July 26, 2013); *Marquez,* 2013 WL 5141689 at *4.  Here, in signing the deed of trust,

10  Plaintiffs expressly agreed that the loan would be governed by HOLA:  "This Security Instrument

11  and the Secured Notes shall be governed by and construed under federal law and federal rules and

12  regulations, including those for federally chartered savings institutions."  RJN Exh. A p. 9 ¶ 15; *see*

13  *also Metzger v. Wells Fargo Bank, N.A*., 2014 WL 1689278, *4 (C.D. Cal. Apr. 28, 2014) (relying

14  on identical provision in subject deed of trust).

15      Importantly, the OTS and its predecessor have long held that HOLA preemption attaches to

16  thrift-originated loans even when the loans have been sold or transferred to a non-thrift entity.  *See*

17  OTS Op. Letter No. P-2003-5, 2003 OTS LEXIS 6, at *13 (OTS July 22, 2003); Op. Gen. Counsel,

18  FHLBB, 1985 FHLBB LEXIS 178 at *5 (FHLBB Aug. 13, 1985); *Metzger*, 2014 WL 1689278 at *4

19  (explaining that "[t]he OTS has adopted a 'general principle that loan terms should not change

20  simply because an originator entitled to federal preemption may sell or assign a loan to an investor

21  that is not entitled to federal preemption.'") (quoting the July 22, 2003 OTS letter); *Akopyan v. Wells*

22  *Fargo Home Mortgage, Inc*., 215 Cal.App.4th 120, 143, 148 (2013) ("[T]he OTS intended to occupy

23  the field of lending regulation as to both federal thrifts and their loans.").[1]  And courts must give

24

25  [1] Copies of these OTS and Federal Home Loan Bank Board ("FHLBB") opinion letters are attached
    hereto as Exhibits 1 and 2 for the Court's convenience.  Notably, that the OTS has now merged into

26  the OCC under the Dodd-Frank Act does not retroactively alter the HOLA preemption analysis to
    Plaintiff's loan.  12 U.S.C. § 5553 ("shall not be construed to alter or affect the applicability of any

27  regulation, order, guidance, or interpretation prescribed, issued, and established by the Comptroller
    of the Currency or the Director of the Office of Thrift Supervision regarding the applicability of

28  State law under Federal banking law to any contract entered into on or before July 21, 2010…").

1 deference to a federal agency's reasonable interpretation of its own regulations. *Auer v. Robbins*,

2 519 U.S. 452, 461 (1997). An agency's interpretation controls unless it is plainly erroneous or

3 inconsistent with the regulations. *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 170-171

4 (2007). Thus, the OTS' interpretation of 12 C.F.R. § 560.2, as expressed in its interpretive letters,

5 "must be given controlling weight." *Silvas*, 514 F.3d at 1005.

### 2.    Plaintiffs' specific claims are preempted by HOLA

7 All of Plaintiffs' causes of action relate to Plaintiffs' default and alleged efforts to seek a loan

8 modification. More specifically, Plaintiffs contend that Wells Fargo engaged in various violations of

9 the Homeowner's Bill of Rights ("HBOR") in connection with the pending foreclosure of the

10 Property. Because such claims relate to the "processing" and "servicing" of mortgages, they are

11 necessarily preempted by HOLA. *See Metzger*, 2014 WL 1689278 at *6-8; *see also Omega v. Wells*

12 *Fargo & Co.*, 2011 WL 4345046, *5 (N.D. Cal. Sept. 14, 2011) ("[C]ourts within this and

13 neighboring districts, both before and after Mabry, have concluded that claims based on violations of

14 Section 2923.5 are preempted as applied, because such claims relate to the "processing, origination,

15 servicing [or] sale of ... mortgages ..." and, thus, fall within 12 C.F.R. § 560.2(b)(10)."). This is true

16 even when such claims are couched as claims for breach of the implied covenant of good faith and

17 fair dealing or for violations of Business and Professions Code section 17200 (the "UCL"). "[W]hen

18 plaintiffs rely on state laws of general application, their claims are preempted if the state laws, as

19 applied to federal savings and loans, require affirmative action by the federal savings and loans

20 association or other behavior specific to savings and loans activity." *Metzger*, 2014 WL 1689278 at

21 * 7 (citations omitted). Because these claims relate to the servicing of Plaintiffs' loan; they are

22 preempted as a result. *See Taguinod v. World Sav. Bank, FSB*, 755 F.Supp.2d 1064, 1072 (C.D. Cal.

23 2010) ("HOLA preempts any state law claim relating to good faith and fair dealing in lending.");

24 *Metzger*, 2014 WL 1689278 at * 8 ("Plaintiffs' ability to 'plead a viable claim under [Section] 17200

25 depends on [their] being able to plead some underlying fraud or unfair practice that is not preempted

26 by HOLA.' ") (citations omitted).

27 Plaintiffs also allege that Wells Fargo made various representations concerning their receipt

28 of a loan modification which were false. But these claims again relate directly to the servicing of

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    Plaintiffs' loan.  Once again for purposes of preemption analysis, it is of no consequence that such

2    claims are titled as claims for promissory estoppel or violations of the UCL.  *See Metzger*, 2014 WL

3    1689278 at *7.

4         Plaintiffs' claims directly implicate several preempted categories, including loan servicing

5    and processing under section 560.2(b)(10) and terms of credit and adjustments to loan terms under

6    section 560.2(b)(4), and must be dismissed as preempted by HOLA.  *See Marquez*, 2013 WL

7    5141689 at *5 (dismissing HBOR, UCL, and breach of implied covenant claims premised on

8    allegations that Wells Fargo improperly evaluated the plaintiff for a loan modification on the basis of

9    preemption); *Metzger*, 2014 WL 1689278 at *6-8 (dismissing HBOR, negligence, breach of implied

10   covenant, and UCL claims based on allegations that Wells Fargo improperly evaluated the plaintiff

11   for a loan modification on the basis of preemption); *see also Marshall v. Wells Fargo Bank,* 2013

12   WL 3287687, *6 (N.D. Cal. June 27, 2013).  Thus, Wells Fargo's motion should be granted and the

13   entire complaint should be dismissed because all of Plaintiffs' causes of action are preempted.

14   **C.    Plaintiffs' First Cause Of Action For Wrongful Foreclosure Fails To State A**

15   **Claim**

16        **1.    Plaintiffs fail to allege a lack of compliance with the consent judgment**

17        Plaintiffs' first cause of action for various alleged violations of HBOR must fail for the

18   additional reason that Plaintiffs fail to allege that Wells Fargo is not in compliance with the consent

19   judgment entered in *United States of America et al. v. Bank of America Corporation et al*.  Plaintiffs

20   allege that Wells Fargo violated California Civil Code sections 2923.5, 2923.6, 2923.7, 2924.11, and

21   2924.17.  Civil Code section 2924.12 is the provision of the HBOR that provides the remedies for

22   violations of these sections.  *See* Civ. Code § 2924.12.

23        Section 2924.12(g) expressly provides that "[a] signatory to a consent judgment entered in

24   the case entitled *United States of America et al. v. Bank of America Corporation et al*., filed in the

25   United States District Court for the District of Columbia, case number 1:12-cv-00361 RMC, that is

26   in compliance with the relevant terms of the Settlement Term Sheet of that consent judgment with

27   respect to the borrower who brought an action pursuant to this section while the consent judgment is

28   in effect shall have no liability for a violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10,

6

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    2924.11, or 2924.17."  Wells Fargo is a signatory to that consent judgment.  RJN Exh. H.  Moreover,

2    the consent judgment was entered on April 4, 2012 and is effective for three and a half years from

3    that date.  *Id.* pp. 6.  Accordingly, Plaintiffs' claim fails because Plaintiffs have failed to allege that

4    Wells Fargo is not in compliance with the relevant terms of the Settlement Term Sheet.  *See, e.g.*

5    *Mitchell v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 7803 (N.D. Cal. Jan. 21, 2014) (granting

6    motion to dismiss HBOR claims, explaining that "Wells Fargo is a signatory to the National

7    Mortgage Settlement Agreement (NMSA) in Bank of America Corporation et al., such that

8    compliance with the Settlement Terms Sheet insulates Wells Fargo from liability for any violation of

9    section 2923.6.").[2]  Thus, Plaintiffs' claim for alleged HBOR violations must be dismissed on this

10   basis as well.

### 2.    Plaintiffs' first cause of action fails for additional reasons

12   Even setting aside those issues discussed above, Plaintiffs' first cause of action still fails as a

13   matter of law.  Plaintiffs claim that they qualified for a loan modification under HAMP and that

14   Wells Fargo "violated" HAMP by failing to inform them whether their modification application was

15   denied, scheduling the foreclosure sale of the Property, and sending Plaintiffs a new loan

16   modification application.  Compl., ¶ 23.  However, a borrower has no private right of action to sue

17   lenders or loan services for alleged violations of HAMP guidelines.  *See, Cleveland v. Aurora Loan*

18   *Services, LLC*, 2011 WL 2020565, *3-4 (N.D. Cal. May 24, 2011) (collecting authority); *Hoffman v.*

19   *Bank of America, N.A.,* 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (collecting authority).

20   Plaintiffs also allege that Wells Fargo violated Civil Code section 2923.5, which requires a

21   lender to "assess the borrower's financial situation and explore options for the borrower to avoid

22   foreclosure."  Compl., ¶ 24.  However, section 2923.5 "does not require a lender to actually modify a

23   defaulting borrower's loan."  *Ortiz v. Accredited Home Lenders, Inc.*, 639 F.Supp.2d 1159, 1166

24   (S.D. Cal. 2009).  Instead, "[a]ll that the statute requires is for Defendants to contact or attempt to

25   contact Plaintiffs in a good faith effort to avoid foreclosure."  *Quintero Family Trust v. OneWest*

26   *Bank, F.S.B.*, 2010 WL 392312, *14 (S.D. Cal. Jan. 27, 2010).  Here, Plaintiffs' admission that they

---

[2] Indeed, the monitor appointed by the court found that Wells Fargo was in compliance with the consent judgment between May 2, 2013 and December 31, 2013.  RJN. Ex. I, pp. 7, 18 – 20.

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Carley v. Wells Fargo Bank, et al.*; Case No. 4:14-cv-03147-JSW

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   were in negotiations concerning a potential loan modification before the notice of default was

2   recorded demonstrates that Wells Fargo did not fail to explore loan modification options.  *See*

3   Compl., ¶¶ 15 – 16; *see also Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 962

4   (N.D. Cal. 2010) (dismissing section 2923.5 claim where plaintiff alleged that defendant had not

5   contacted him in compliance with the statute while also alleging that plaintiff and defendant's

6   representatives had had repeated phone conversations about the possibility of a loan modification).

7     Additionally, Plaintiffs claim that Wells Fargo violated section 2923.6 which allegedly sets

8   forth "the mortgage lender's obligation to offer the borrower a loan modification."  Compl., ¶ 25.

9   Contrary to Plaintiffs' characterization of  section 2923.6, it does not require any lender to give a

10  borrower loan modification.[3]  Instead, it states that "*If a borrower submits a complete application* for

11  a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage

12  servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or

13  notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application

14  is pending."  Cal. Civ. Code § 2923.6(c) (emphasis added).  Section 2923.6(h) further explains that

15  "an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer

16  with all documents required by the mortgage servicer within the reasonable timeframes specified by

17  the mortgage servicer."  Cal. Civ. Code § 2923.6(h).  Finally, Section 2923.6(c) provides a that

18  "complete" loan modification application prohibits further steps towards foreclosure only if certain

19  other acts have not occurred.  *See* Cal. Civ. Code § 2923.6(c)(1)-(3).

20    Here Plaintiffs do not adequately allege that they submitted a "complete" loan modification

21  application as that term is defined in Section 2923.6(h).  *See Lindberg v. Wells Fargo Bank N.A.*,

22  2013 WL 1736785, *3 (N.D. Cal. Apr. 22, 2013) ("Section 2923.6 provides only that a lender may

23  not foreclose if the borrower 'submits a complete application for loan modification.'  Because

24  plaintiff cannot establish that she submitted a completed modification application, this argument

25

26  [3]  Indeed, "[i]n California, lenders *do not have a statutory duty* to agree to a mortgage loan

27  modification."  *Nastrom v. JPMorgan Chase Bank, N.A.*, 2012 WL 5522795, *6 (E.D. Cal. Nov. 14, 2012) (emphasis added) (citing *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602,

28  1617 (2010)).

1    fails."). Nor was Wells Fargo under any obligation to review what was admittedly Plaintiffs' second

2    loan modification application. *See* Compl., ¶ 18; *see also* Cal. Civ. Code § 2923.6(g).

3         Plaintiffs' contention that Wells Fargo violated section 2924c(a)(1) fares no better. Section

4    2924c, which relates to the legal requirements for conducting foreclosure, does not require an

5    accounting to be provided prior to foreclosure, or at any other time. Rather, section 2924c merely

6    allows borrowers to reinstate their loans after defaulting by paying all arrearages, including late fees

7    and interest and all other accrued amounts. Plaintiffs do not allege that Wells Fargo failed to state

8    the amount of arrearages due and owing in the notice of default at the time it was issued. Indeed, the

9    notice of default clearly states that the amount of Plaintiffs' default was $74,111.97 as of March 17,

10   2014. RJN, Exh. G.

11        And Plaintiffs fail to adequately allege that Wells Fargo did not provide them with a single

12   point of contact concerning their loan modification in violation of Civil Code section 2923.7

13   Section 2923.7 defines a "single point of contact" as "an **individual or team of personnel** each of

14   whom has the ability and authority to perform the responsibilities described in subdivisions (b) to

15   (d), inclusive. The mortgage servicer shall ensure that each member of the team is knowledgeable

16   about the borrower's situation and current status in the alternatives to foreclosure process." Civ.

17   Code § 2923.7(e) (emphasis added). Plaintiffs do not allege that the individuals with whom they

18   spoke concerning their 2013 loan modification application did not meet these requirements.

19        Further, section 2924.11(a) provides that a notice of default may not be recorded if "a

20   foreclosure prevention alternative is approved in writing prior to the recordation of a notice of

21   default" and "[t]he borrower is in compliance with the terms of a written trial or permanent loan

22   modification, forbearance, or repayment plan" or "proof of funds or financing has been provided to

23   the servicer." Civ. Code § 2924.11(a). Here, Plaintiffs do not allege that any foreclosure prevention

24   alternative was approved in writing by Wells Fargo prior to the recording of the notice of default.

25   Nor do they allege that they were in compliance with its terms or provided proof of funds showing

26   their ability to comply with its terms.

27        And contrary to Plaintiffs' characterization of this statute, section 2924.17(a) states in

28   pertinent part that "a notice of default, notice of sale, assignment of a deed of trust, or substitution of

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

9

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to

2   the requirements of Section 2924 … shall be accurate and complete and supported by competent and

3   reliable evidence."  Civ. Code § 2924.17(a).  Section 2924.17(b) then states that "[b]efore recording

4   or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it

5   has reviewed competent and reliable evidence to substantiate the borrower's default and the right to

6   foreclose, including the borrower's loan status and loan information."  Civ. Code § 2924.17(b).

7   Plaintiffs plead no facts indicating that the notice of default recorded against the Property was not

8   "accurate and complete and supported by competent and reliable evidence" that substantiated "the

9   borrower's default and the right to foreclose."  Cal. Civ. Code § 2924.17(a)-(b).  Indeed, Plaintiffs

10   do not deny that they were in default on their loan obligations.

11        Plaintiffs' claim that Wells Fargo violated section 2924.18 is misplaced.  Section 2923.18

12   only governs small volume lenders and servicers.  *See* Civ. Code § 2924.18(b) ("This section shall

13   apply only to a depository institution ... that, during its immediately preceding annual reporting

14   period ... foreclosed on 175 or fewer residential real properties...."); *cf.* Civ. Code § 2923.6 (applying

15   to large volume servicers and providing additional requirements to those set forth in Section

16   2924.18).  Plaintiffs do not (and cannot) plead facts showing that Wells Fargo is such an institution.

17        Finally, as discussed above, Plaintiffs' threadbare allegations are insufficient to state a claim

18   against Wells Fargo.  Plaintiffs assert no facts in support of their allegations.  Instead, it appears that

19   Plaintiffs merely recite the various ways in which a defendant might violate the Homeowner's Bill

20   of Rights.  See *Twombly*, 550 U.S. at 555 (A plaintiff must plead sufficient facts "to provide the

21   'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for

22   which] a formulaic recitation of the elements of a cause of action will not do.").

23        For all of these reasons, Plaintiffs' first cause of action must be dismissed.

24   **D.     Plaintiffs' Second Cause Of Action For Promissory Estoppel Fails To State A**

25   **        Claim**

26        Even were it not preempted, Plaintiffs' second cause of action still fails as a matter of law, as

27   it is inadequately pled.  Under California law, "[t]he elements of promissory estoppel are: '(1) a clear

28   promise; (2) reasonable reliance; (3) substantial detriment; and (4) damages 'measured by the extent

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Carley v. Wells Fargo Bank, et al.*; Case No. 4:14-cv-03147-JSW

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  of the obligation assumed and not performed.'"  *Melegrito v. CitiMortgage Inc*., 2011 WL 2197534,

2  *13 (N.D. Cal. June 6, 2011) (citations omitted).  The alleged promise must be "clear and

3  unambiguous in its terms" and the plaintiff's "reliance must be both reasonable and foreseeable."

4  *US Ecology, Inc. v. State of California*, 129 Cal.App.4th 887, 905 (2005).  Furthermore, a plaintiff

5  must allege facts for the proposition that the defendant's alleged conduct caused his or her damages.

6  *Id*. at 907-908.

7         Here a "clear promise" has not been pled.  Plaintiffs plead that Wells Fargo either

8  "promised" them (1) that they would be approved for a modification if the "co-borrowers"

9  quitclaimed their interest in the Property to Plaintiffs (Compl., ¶ 41); (2) that Plaintiffs qualified for a

10  modification (Compl., ¶ 42); (3) that Plaintiffs would be considered for a modification (Compl., ¶

11  43); or (4) that a modification program was available (Compl., ¶ 44).  Thus the exact nature of the

12  alleged "promise" is far from clear.

13         Further, allegations that a defendant "agree[d] to a loan modification with unspecified terms

14  at some point in the unspecified future are insufficient to permit the court to reasonably infer that [a

15  defendant] made a clear promise to modify [the] loan."  *See Melegrito*, 2011 WL 2197534 at *13.

16  Plaintiffs' vague allegations concerning a "promise" to provide them with a loan modification (or

17  that they would be considered for a modification, or that there was a modification program that may

18  be available) is therefore insufficient to support a promissory estoppel claim.  *See Dooms v. Federal*

19  *Home Loan Mortg. Corp*., 2011 WL 1232989, *10 (E.D. Cal. Mar. 31, 2011) (dismissing a

20  promissory estoppel claim where the plaintiff failed to specify the terms of the loan modification);

21  *Ehlert v. America's Servicing Co*., 2011 WL 4862426, *2 (S.D. Cal. Oct. 12, 2011) (finding that

22  "[p]laintiffs have failed to allege a clear and unambiguous promise and the first element of a claim

23  for promissory estoppel is therefore missing" where "[t]he alleged oral agreement contains none of

24  the terms of the future loan modification").

25         Wells Fargo's motion to dismiss that claim should be granted on this basis as well.

26

27

28

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Carley v. Wells Fargo Bank, et al.*; Case No. 4:14-cv-03147-JSW

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**E.      Plaintiffs' Third Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing Fails To State A Claim**

Plaintiffs' third cause of action purports to assert a claim for breach of the covenant of good faith and fair dealing.  This claim is based entirely on those alleged HBOR violations discussed above and Wells Fargo's failure to grant Plaintiffs a loan modification.  Compl., ¶¶ 52 – 53.  Even were this claim not preempted, "[u]nder California law, the implied covenant of good faith protects only the express promises of the contract."  *Chroma Lighting v. GTE Products Corp.*, 111 F.3d 137, 1997 WL 175062, *4 (9th Cir. 1997) (citations omitted).  It "rests upon the existence of some *specific contractual obligation*." *Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*, 11 Cal. App. 4th 1031, 1032 (1992) (emphasis added).  "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the *specific terms* of their agreement.'" *Agosta v. Astor*, 120 Cal. App. 4th 596, 607 (2004) (emphasis added) (quoting *Guz v. Bechtel National, Inc.,* 24 Cal.4th 317, 349–50 (2000)).

Here, the only contract that Plaintiffs identify is the "mortgage loan agreement."  Compl., ¶ 51.  Presumably, Plaintiffs are referring to their deed of trust.  However, the deed of trust allows the exact conduct Plaintiffs take issue with: initiating foreclosure upon default.  RJN, Exh. A.  The covenant of good faith and fair dealing cannot "be read to prohibit a party from doing that which is expressly permitted by an agreement."  *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc*., 2 Cal.4th 342, 374 (1992); *see, e.g., Benham v. Aurora Loan Services*, 2009 WL 2880232, *3 (N.D. Cal. Sept. 1, 2009) (dismissing breach of implied covenant claim because defendant held "legal title to the interests granted by Plaintiff in the Deed of Trust, and had the right to foreclose and sell the property if Plaintiff defaulted on her loan").  And Plaintiffs point to no provision in the deed of trust which provides that they were entitled to receive a loan modification.  *See Roussel v. Wells Fargo Bank*, 2012 WL 5301909, *7 (N.D. Cal. October 25, 2012) ("Plaintiff points to no clause in his loan agreement that gives him the right to be considered for or receive a loan modification, or that obliges Defendant to consider him for a loan modification. Since Defendant had no duty to consider Plaintiff's loan modification, Defendant's failure to properly consider Plaintiff's loan modification

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   application was not the cause of the imminent foreclosure of Plaintiff's home; rather, Plaintiff's

2   default on his mortgage caused the imminent foreclosure.")

3        Moreover, Plaintiffs do not identify any failure by Wells Fargo to discharge its contractual

4   obligations.  Thus, Plaintiffs fail to allege that "the conduct of the defendant…demonstrates a failure

5   or refusal to discharge *[the defendant's] contractual responsibilities…*which unfairly frustrates the

6   agreed common purposes and disappoints the reasonable expectations of the other party thereby

7   depriving that party of the benefits of the agreement."  *See Careau & Co. v. Security Pacific*

8   *Business Credit, Inc*., 222 Cal.App.3d 1371, 1395 (1990) (emphasis added).

9        Finally, "tort recovery for breach of the covenant of [good faith and fair dealing] is available

10   only in limited circumstances, generally involving a special relationship between the contracting

11   parties…."  *Bionghi v. Metro Water Dist*., 70 Cal.App.4th 1358, 1370 (1999).  The "implied

12   covenant tort is not available to parties of an ordinary commercial transaction where the parties deal

13   at arms' length."  *Pension Trust Fund v. Federal Ins. Co*., 307 F.3d 944, 955 (9th Cir. 2002); *see*

14   *also Lal v. American Home Mortg. Servicing, Inc*., 2009 WL 3126450, *4 (E.D. Cal. Sept. 24, 2009)

15   ("California has rejected a rule that would apply tort recovery for breach of the implied covenant in

16   'normal commercial banking transactions.'")  Here Plaintiffs have "pled no facts establishing a

17   'special relationship' between" themselves" and Wells Fargo.  *See Leids v. Metlife Home Loans*,

18   2009 WL 4894991, *3 (C.D. Cal. Dec. 7, 2009).  Thus, to the extent they seek tort damages for their

19   breach of the implied covenant claim, Plaintiffs' claim must fail.

20        Plaintiffs' third cause of action should be dismissed in its entirety.

21       **F.**    **Plaintiffs' Fourth Cause Of Action For Unfair Business Practices Fails To State**

22           **A Claim**

23        In their fourth cause of action, Plaintiffs purport to assert a claim for violations of the UCL.

24   Setting aside the preemption issues discussed above, to state a claim under the UCL, a plaintiff must

25   allege that a given defendant engaged in an "unlawful, unfair or fraudulent business act or practice"

26   which caused the plaintiff to suffer "injury in fact" and "lost money or property."  *See* Bus. & Prof.

27   Code § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115 Cal.App.4th 322 (2004).  In

28   doing so, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory

1   elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

2      Initially, Plaintiffs have not alleged the existence of any "unlawful, unfair or fraudulent

3 business act or practice."  To the extent this claim is brought under the "unlawful" prong of the

4 UCL, it fails because Plaintiffs fail to properly allege the violation of any other law.  *See Krantz v.*

5 *BT Visual Images, LLC*, 89 Cal.App.4th 164, 178 (2001) ("unlawful" prong requires underlying

6 violation of law); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F.Supp.2d 1177, 1190-91  (N.D.

7 Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff

8 cannot state a claim under the unlawful business practice prong of the UCL.").

9      To whatever extent Plaintiffs attempt to bring this claim under the UCL's "unfair" or

10 "fraudulent" prong, this claim is inadequately pled.  An "unfair" practice must be "tethered" to

11 specific "constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Superior Court*, 108

12 Cal. App. 4th 917, 940 (2003).  Because Plaintiffs fail to plead, with particularity, that Wells Fargo

13 engaged in such "unfair" practices, they fail to state a claim under the "unfair" prong of the UCL.

14 *See Khoury,* 14 Cal.App.4th at 619 (UCL claims must be pled with particularity).

15      Further, "to state a claim under the UCL based on fraudulent conduct, a plaintiff must allege,

16 with particularity, facts sufficient to establish that the public would likely be deceived by

17 Defendants' conduct."  *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, *16 (N.D. Cal. Aug,

18 29, 2011).  No such conduct is alleged here.  *See id.* at *16 (dismissing UCL claim explaining that

19 "Plaintiffs have not met this standard because they have not identified specific deceptive statements

20 or omissions … or alleged facts showing why those specific statements or omissions would be likely

21 to deceive the public.").

22      Finally, Plaintiffs lack standing to bring a UCL claim against Wells Fargo at all.  "To bring a

23 claim under the UCL, … [a plaintiff] must have suffered an injury in fact and lost money or property

24 as a result of [the] alleged unfair or fraudulent practices."  *DeLeon v. Wells Fargo Bank, N.A.*, 2011

25 WL 311376, *7  (N.D. Cal. Jan. 28, 2011) (citing Cal. Bus. & Prof. Code § 17204). "That causal

26 connection is broken when a complaining party would suffer the same harm whether or not a

27 defendant complied with the law."  *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007).

28 In this case, Plaintiffs do not allege that they paid Wells Fargo any money other than that due and

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

14

1  owing on their loan.  Further, the Property has not yet sold at foreclosure sale.  And even if it had,

2  such sale would be the result of Plaintiffs' default on the mortgage loan, not any wrongful conduct

3  by Wells Fargo.[4] Plaintiffs lack standing to assert a UCL claim against Wells Fargo as a result.

4      For these additional reasons, Plaintiffs' fourth cause of action must be dismissed.

5  **G.    Plaintiffs' Fifth Cause Of Action For Accounting Fails To State A Claim**

6      Plaintiffs claim that they require an accounting so that they might determine "[t]he amount of

7  money due to Defendants from Plaintiffs."  Compl., ¶ 65.  However, "[t]o state a cause of action for

8  an accounting, a plaintiff must allege [1] a fiduciary relationship or other circumstances appropriate

9  to the remedy; and [2] a balance due from the defendant to the plaintiff that can only be ascertained

10  by an accounting."  *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, *7-8 (N.D. Cal. July 13,

11  2011).

12      Plaintiffs' claim for accounting must fail, as they have not pled the existence of a special

13  relationship with Wells Fargo.  *See Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6 (1950) (an accounting

14  frequently "presents a fiduciary relation between the parties in the nature of a trust which brings it

15  especially within equitable remedies"); *Oaks Management Corporation. v. Superior Court (Ayyad)*,

16  145 Cal.App.4th 453 (2006) 466 ("Absent 'special circumstances' a loan transaction 'is at arms-

17  length and there is no fiduciary relationship between the borrower and lender.'").

18      Further, Plaintiffs fail to allege facts sufficient to show that "some balance is due [to them]"

19  from Wells Fargo.  *See Kritzer*, 96 Cal.App.2d at 6.  Plaintiffs contend that an accounting is

20  necessary so that they can determine the amount of their own indebtedness on the loan.  *See* Compl.,

21  ¶ 65.  As such, they are not entitled to an accounting, and this claim must fail.

22  **IV.    CONCLUSION**

23      For all of these reasons, Wells Fargo respectfully requests that this Court grant this motion

24  and dismiss Plaintiffs' complaint in its entirety.

25

26

---

27  [4] Notably, while the allegations of the complaint do not reflect that Plaintiffs lost any property, they
28  do allege that Plaintiffs actually obtained property:  Plaintiffs claim that the Co-Borrowers deeded
   their interest in the Property to Plaintiffs.  Compl., ¶ 17.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1

Dated:  July 28, 2014

Respectfully submitted,

2

LOCKE LORD LLP

3

4

By:  *Stephanie A. Chambers-Wraight*

5

Regina J. McClendon

Stephanie A. Chambers-Wraight

6

Attorneys for Defendant

7

WELLS FARGO BANK, N.A., SUCCESSOR
BY MERGER WITH WELLS FARGO BANK

8

SOUTHWEST N.A., FORMERLY KNOWN AS
WACHOVIA MORTGAGE FSB, FORMERLY

9

KNOWN AS WORLD SAVINGS BANK FSB

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16