IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINT CARLEY and KRISTAL CARLEY,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, ET AL.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 14-03147 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Now before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), as the successor in interest by merger to Wachovia Mortgage FSB, formerly known as World Savings Bank FSB. The Court has considered the parties' papers, relevant legal authority, and finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court GRANTS Wells Fargo's motion to dismiss.

**BACKGROUND**

Plaintiffs, Clint Carley and Kristal Carley (collectively, "Plaintiffs") filed suit regarding a mortgage secured by their residence located at 1055 King Ridge Road, Ukiah, California ("Property"). (Complaint ("Compl."), ¶¶ 1-2.) Plaintiffs, along with non-parties Rickey Carley and Lucinda Carley (the "Co-Borrowers"), obtained a loan from World Savings Bank, FSB ("World Savings") in the original amount of $731,250. (Request for Judicial Notice ("RJN"), Ex. A.) This loan was secured by a Deed of Trust recorded against the Property on February

1    16, 2007.  (Compl., ¶¶ 1-2, 51; RJN, Ex. A.)  The Deed of Trust provided that the lender and
2    beneficiary was World Savings and the trustee was Golden West Savings Association Service,
3    Co.  (RJN, Ex. A.)  World Savings was a federal savings bank chartered under the Home
4    Owner's Loan Act and regulated by the Treasury Department's Office of Thrift Supervision.
5    (RJN, Ex. B.)  Effective December 31, 2007, World Savings changed its name to Wachovia
6    Mortgage, FSB ("Wachovia").  (RJN, Ex. C.)  Wachovia remained a federal savings bank until
7    November 1, 2009, when it changed its name to Wells Fargo Bank Southwest, N.A. and merged
8    into Wells Fargo Bank, N.A.  (RJN, Exs. D, E.)  Cal-Western Reconveyance LLC was later
9    named the substitute trustee of the Deed of Trust, and a substitution of trustee was recorded on
10   March 19, 2014.  (RJN, Ex. F.)

11          As a result of Plaintiffs' default of over $74,000, a notice of default was recorded
12   against the Property on March 19, 2014.  (Compl., ¶ 9; RJN, Ex. G.)

13          According to the allegations in Plaintiffs' complaint, which must be taken as true at this
14   procedural posture, Plaintiffs submitted a loan modification application to Wells Fargo in
15   December 2011.  (Compl., ¶ 15.)  They also allege that Wells Fargo advised the Co-Borrowers
16   to quitclaim their interest in the Property to Plaintiffs to allow the modification review to
17   proceed only as to Plaintiffs in 2013.  (*Id.* at ¶ 16.)  Plaintiffs allege that Wells Fargo engaged in
18   various violations of the Homeowners' Bill of Rights and failed to offer Plaintiffs a loan
19   modification.

20          Plaintiffs filed their Complaint on June 9, 2014 in Mendocino County Superior Court of
21   California.  On July 11, 2014, Wells Fargo removed this action to this Court on the basis of
22   diversity of citizenship under 28 U.S.C. Section 1332.  On July 28, 2014, Wells Fargo moved to
23   dismiss Plaintiffs' Complaint.  Plaintiffs allege five causes of action for: (1) wrongful
24   foreclosure; (2) promissory estoppel; (3) breach of the covenant of good faith; (4) violation of
25   the Unfair Competition Law, Business and Professions Code Section 17200; and (5)
26   accounting.    The Court will address any additional specific facts as required in its analysis.

27
28

**ANALYSIS**

**A.     Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     Wells Fargo's Request for Judicial Notice.**

As a preliminary matter, Wells Fargo requests that the Court take judicial notice of a number of documents in support of its motion to dismiss. Generally, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer*

*Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

The documents attached to Wells Fargo's request are purportedly true and correct copies of: (A) a Deed of Trust recorded in the Official Records of Mendocino County on February 16, 2007; (B) a Certificate of Corporate Existence dated April 21, 2006 and issued by the Office of Thrift Supervision certifying that World Savings Bank, FSB is a federal savings bank; (C) a letter dated November 19, 2007 issued by the Office of Thrift Supervision authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; (D) the Charter of Wachovia Mortgage, FSB, dated December 31, 2007, reflecting in Section 4 that it is subject to the Home Owners' Loan Act and the Office of Thrift Supervision; (E) the Official Certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; (F) a Substitution of Trustee recorded on March 19, 2014, in the Official Records of Mendocino Country as document no. 2014-03195; (G) a Notice of Default recorded on March 19, 2014 in the Official Records of Mendocino County as document no. 2014-03196; (H) part of the Consent Judgment, including Wells Fargo's signature page, entered on April 4, 2012; and (I) the Monitor's Report Regarding Compliance by Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. for the Measurement Periods Ended September 30, 2012 and December 31, 2013.

Exhibits A and F through I are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

Exhibits B through E are appropriate for judicial notice because they reflect the official acts of the executive branch of the United States government. The California Evidence Code provides that judicial notice is proper for documents that reflect the acts of executive agencies of the United States government. *See* Cal. Evid. Code § 452(c) (judicial notice may be taken of official acts of the legislative, executive or judicial departments). In addition, as Plaintiffs have

4

1 not objected to the request, Plaintiffs are deemed not to have disputed the authenticity of any of
2 the exhibits.

3 Accordingly, the Court GRANTS Wells Fargo's request for judicial notice.

4 **C.    Wells Fargo's Motion to Dismiss.**

5 Plaintiffs allege five causes of action for: (1) wrongful foreclosure; (2) promissory
6 estoppel; (3) breach of the covenant of good faith; (4) violation of the Unfair Competition Law,
7 Business and Professions Code § 17200; and (5) accounting.

8 Wells Fargo argues that the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et*
9 *seq.*, and its implementing regulations promulgated by the Treasury Department's Office of
10 Thrift Supervision ("OTS"), 12 C.F.R. §§ 560, *et seq.*, preempts all of Plaintiff's Homeowner
11 Bill of Rights ("HBOR") claims for three reasons: (1) HOLA preemption attaches to and
12 survives the transfer of a federal savings bank-originated loan; (2) Plaintiffs agreed to the loan
13 terms stating that the loan would be governed by HOLA; and (3) because Plaintiffs' state law
14 HBOR claims are related to the "processing" or "servicing" of their mortgage, and to the terms
15 of credit and adjustments to loan terms, the claims are preempted by HOLA.

16 Wells Fargo further argues that Plaintiffs' claims fail even if they are not preempted by
17 HOLA. Specifically, Wells Fargo argues that Plaintiffs fail to allege facts sufficient to show
18 that they violated any of the statutory provisions enumerated in the Complaint and thus fail to
19 state sufficient facts to state a claim to relief that is plausible on its face.

20 **1.    Federal Statutory Preemption.**

21 Wells Fargo moves to dismiss on the basis that all of Plaintiffs claims are preempted by
22 HOLA. Plaintiffs, however, assert that Wells Fargo's only ground for preemption arises from
23 the National Banking Act ("NBA"), not HOLA.

24 "Federal law may pre-empt state law . . . when federal regulation in a particular field is
25 'so pervasive as to make reasonable the inference that Congress left no room for the States to
26 supplement it.'" *Bank of Am. v. City & Cnty. of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002)
27 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). The passage of the NBA
28 in 1867 and HOLA in 1933 is evidence of Congress' intent to legislate the field of banking on a

5

national level. *Id.* "[T]here has been a 'history of significant federal presence' in national banking, the presumption against preemption of state law is inapplicable." *Id.* at 559 (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1260 (9th Cir. 1979)). "The [NBA] vests nationally chartered banks with enumerated powers . . . together with 'all such incidental powers as shall be necessary to carry on the business of banking.'" *Gutierrez v. Wells Fargo Bank, NA.*, 704 F.3d 712, 722 (9th Cir. 2012) (quoting 12 U.S.C. § 24). HOLA authorizes the Office of Thrift Supervision to "promulgate regulations that preempt state laws affecting the operations of federal savings associations." 12 C.F.R § 560.2.

Here, the threshold question is whether HOLA preemption analysis is applicable despite the fact that Wells Fargo, as the successor in interest by merger, is not a federal savings association. There is a split in authority regarding whether a successor bank, that is not a federal savings association, can assert HOLA preemption. The Ninth Circuit has not yet addressed the issue. Some courts have held that HOLA preemption applies to successor banks which are not federal savings banks, if at the time of origination the loan was owned by a federal savings bank. *See Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091, 1109 (N.D. Cal. 2013) (where the court found that HOLA applies because Wells Fargo contended that the loan was made by its predecessor World Savings, a federal savings bank, plaintiffs did not dispute this fact, and the judicially noticed documents also establish this fact). On the other hand, some courts have held that application of HOLA should be based on the status of the bank at the time of the alleged misconduct. *See Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1108 (N.D. Cal. 2013) ("[t]he parties d[id] not dispute that Wells Fargo is a national bank governed by the NBA. Finding the cases relying on the timing of the challenged conduct persuasive, the Court conclude[d] that the preemption provisions of the NBA apply to this case").

Furthermore, several district courts have recognized that where a loan agreement expressly incorporates federal regulations governing federal savings associations, those regulations apply to the conduct of a successor to the agreement, even where the successor is not a federal savings association. *Marquez v. Wells Fargo Bank, N.A.,* 2013 WL 5141689, at *4

6

(C.D. Cal. Sep. 13, 2013) (recognizing the division among district courts with respect to extending HOLA preemption to the conduct of successors to federal savings associations, but finding, "[i]n this case, however, given that plaintiffs contracted with a Federal Savings Bank, and that the parties agreed to be bound by such laws under the terms of the Deed of Trust, the court finds no bar to applying HOLA preemption); *see also Mata v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 108197, at *11-12 (C.D. Cal. July 31, 2013) (holding HOLA preemption applicable where the parties agreed to be bound by the Trust Deed, which provided that the instrument "shall be governed under federal law and federal rules and regulations including those for federally chartered savings institutions").

In this case, Plaintiffs' loan was made by Wachovia, a federal savings association, and the challenged conduct occurred after Wachovia merged into Wells Fargo, a nationally chartered bank. Moreover, paragraph fifteen of the Deed of Trust provides the selection of governing law. (RJN, Ex. A at 10.) Specifically, the Deed states that the instrument "shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions." (*Id.*) Accordingly, the fact that World Savings Bank changed its name to Wachovia Mortgage, FSB, and subsequently merged into Wells Fargo does not render HOLA inapplicable. Rather, the Court holds that HOLA preemption applies because the parties agreed to be bound by such laws under the terms of the Deed of Trust. Because HOLA preemption analysis is applicable, the Court will not apply NBA preemption analysis.

### 2. HOLA Preemption Analysis.

Wells Fargo argues that all of Plaintiffs' claims are preempted by HOLA because they relate to Plaintiffs' default and alleged efforts to seek a loan modification. "Through HOLA, Congress gave the Office of Thrift Supervision ('OTS') broad authority to issue regulations governing thrifts . . . . As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). Section 560.2 reads, *inter alia*:

7

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . .

12 C.F.R. § 560.2(a).[1] Section 560.2(b) lists specific types of state laws that are preempted, including:

> state laws that purport to impose requirements regarding:
>
> (3) Loan-to value ratios;
>
> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable on the passage of time or a specified event external to the loan;
>
> (5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees; . . .
>
> (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applications; [and]
>
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in mortgages . . . .

12 C.F.R. § 560.2(b). Section 560.2(c) sets forth certain types of state laws that are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of" Section 560.2(a), including contract, commercial law and tort law. 12 C.F.R. § 560.2(c).

In *Silvas*, the Ninth Circuit set forth the analysis to follow in order to determine whether a state law is preempted. First, a court should determine whether, as applied, the law is the type of law listed in Section 560.2(b). If it is, the analysis ends, and the law is preempted. *See Silvas*, 514 F.3d at 1005 (quoting OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). If the law in question, as applied, is not listed in Section 560.2(b), a court should

---

[1] "Federal regulations have no less preemptive effect than federal statutes." *Fidelity Federal. Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).

8

determine whether the law affects lending. If the answer is yes, then pursuant to Section 560.2(a), a presumption arises that the law is preempted. *Id.* "This presumption can be reversed if the law can clearly be shown to fit within the confines of paragraph (c)," which is to be interpreted narrowly and doubts should be resolved in favor of preemption. *Id.*

### i. First Cause of Action: Wrongful Foreclosure.

In their first cause of action, Plaintiffs argue that Wells Fargo wrongfully pursued foreclosure on the Property in violation of California Civil Code Sections 2923.5, 2923.6, 2923.7, 2924.11, 2924.17, and 2924.18.

"[S]everal federal district courts have concluded that Section 2923.5 is preempted because the state law deals with contacting the borrower and requires a specific declaration in the Notice of Default such that it falls 'squarely within the scope of HOLA's Section 560.2(b)(10).'" *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1033 (N.D. Cal. 2010) (quoting *Pinales v. Quality Loan Serv. Corp.*, 2010 WL 3749427, at *3 (S.D. Cal. 2010)). If the loan provider is a federally chartered savings bank when the loan was originated, a claim based on "fail[ure] to file a proper declaration" under Section 2923.5 is preempted by HOLA. *Rodriguez v. JP Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1295 (S.D. Cal. 2011). Additionally, a claim for failure to modify a loan under Section 2923.6 clearly falls within the HOLA preemption provisions, specifically "origination, sale or purchase of . . . mortgages and terms of credit." 12 C.F.R. § 560.2(b)(10).

With respect to Plaintiffs' Section 2923.7 claim which alleges that Wells Fargo failed to assign a single point of contact in order to provide Plaintiffs with responses to inquiries regarding their application for loan modification, it is also preempted by HOLA. Section 2923.7 imposes requirements on "processing" or "servicing" of mortgages, or on the "terms of credit," and also seeks to impose an obligation that effects lending. *See e.g., Marquez,* 2013 WL 5141689, at *7. It is further preempted to the extent that Plaintiffs allege that Wells Fargo was required to offer a loan modification. *See e.g., Gabali v. OneWest Bank, FSB*, 2013 WL 1320770, at *10 (N.D. Cal. March 29, 2013).

9

With respect to Plaintiffs' Section 2924 claims which relate to flaws in the procedure used to foreclose the Property, numerous courts within this district have concluded that claims arising under Section 2924 are preempted by HOLA. *See e.g., DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) (finding HOLA preempts claims that allege violations of Section 2924); *Wienke v. Indymac Bank FSB*, 2011 WL 871749, at *4 (N.D. Cal. Mar. 14, 2011) (finding claims premised on Section 2924 violations preempted by HOLA); *Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428, at *4 (N.D. Cal. Dec. 14, 2010) (finding that Section 2924 "fall[s] squarely within § 560.2(b)(10), preempting '[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.'"). Thus, causes of action concerning alleged defects in the procedure used to foreclose the property are preempted.

Accordingly, the Court holds that Plaintiffs' first cause of action for wrongful foreclosure is preempted by HOLA.

### ii.     Second Cause of Action: Promissory Estoppel.

Plaintiffs' second cause of action is for promissory estoppel, which is a theory of recovery based on a breach of contract claim. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1106 (9th Cir. 2009). State laws are not preempted by HOLA if they involve contract or commercial laws. *See* 12 C.F.R. § 560.2(c).

Plaintiffs allege that Wells Fargo informed them that they would be considered for a loan modification and encouraged them to submit an application for modification. (Compl., ¶ 43.) Plaintiffs further allege that Wells Fargo led them to believe that a modification program was available to them after they submitted association application materials and the Co-Borrowers deeded their interest to them. (*Id.* at ¶ 44.) In doing so, Plaintiffs claim that Wells Fargo made implied promises that they would not pursue foreclosure or schedule a Trustee Sale regarding the Property or the subject loan. (*Id.* at ¶ 45.)

On the face of the Complaint, Plaintiffs' second cause of action involves a contract claim. Accordingly, the Court holds that Plaintiff's second cause of action for promissory estoppel is not preempted by HOLA.

10

### iii. Third Cause of Action: Breach of Covenant of Good Faith.

Plaintiffs's third cause of action alleges that Wells Fargo breached the covenant of good faith and fair dealing by (1) failing to provide a single point of contact or apprising Plaintiffs of the status of their loan modification application; (2) advising the Co-Borrowers to quitclaim their interest in the property to Plaintiffs and thereby reducing the total income associated with Plaintiffs' application for loan modification; and (3) failing to provide a written determination of Plaintiffs' eligibility for loan modification before recording the Notice of Default or Notice of Trustee Sale. (*Id*. at ¶ 53.)

In order to state a claim for breach of implied covenant of good faith and fair dealing, Plaintiffs must "establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1129 (N.D. Cal. 2009). Plaintiffs' claim revolves around Wells Fargo's failure to communicate with them regarding loan modifications. As such, it is based upon a violation of Section 2923.5, which HOLA preempts. *See Ngoc Nguyen*, 749 F. Supp. 2d at 1033 (holding that Section 2923.5 is preempted because the state law deals with contacting the borrower and requires a specific declaration in the Notice of Default such that it falls within the scope of Section 560.2(b)(10) of HOLA). Furthermore, HOLA preempts any state law claim relating to good faith and fair dealing in lending. *See Taguinod v. World Savings Bank, FSB,* 755 F. Supp. 2d 1064, 1072 (C.D. Cal. 2010) (citing *Haehl v. Washington Mut. Bank, F.A.*, 277 F. Supp. 2d 933, 942-43 (S.D. Ind. 2003) (state common law claim of good faith and fair dealing is preempted by HOLA)).

Accordingly, the Court holds that Plaintiffs' third cause of action for breach of the covenant of good faith is preempted by HOLA.

### iv. Fourth Cause of Action: Unfair Business Practices.

In their fourth cause of action, Plaintiffs allege that Wells Fargo violated California Business and Professions Code Section 17200. Plaintiffs base this claim upon Wells Fargo's purposeful conduct in: (1) failing to provide a single point of contact in violation of Section 2923.7 and (2) failing to be available by telephone to address borrowers' concerns or to provide

11

1  information upon request in violation of Section 2923.5. (Compl., ¶¶ 58-59.) Even if Wells
2  Fargo's actions are unlawful under Section 17200 of the California Business and Professions
3  Code, Plaintiffs' Section 2923.7 and Section 2923.5 claims are preempted by federal law for the
4  reasons stated above.

5  Accordingly, the Court holds that Plaintiffs' fourth cause of action for unfair business
6  practices as predicated upon Sections 2923.7 and 2923.5 is preempted by HOLA.

### v. Fifth Cause of Action: Accounting.

In their fifth cause of action, Plaintiffs allege that the amount of money due to Wells Fargo is unknown and cannot be determined without an accounting. Specifically, Plaintiffs assert that the amount of money due to Wells Fargo is uncertain on the basis that they have not received a single point of contact in violation of Section 2923.7 or a valid Notice of Default in violation of Section 2923.5, and that the amount of money due cannot be reasonably ascertained because Wells Fargo has not provided an accounting of any payments or attempted payments by Plaintiffs. (Compl., ¶¶ 65-66.) As pled, this claim is preempted by Section 560.2(b)(4), which governs the "terms of credit," including the "balance [and] payments due . . . ." 12 C.F.R. § 560.2(b)(4). Additionally, this claim is based upon Sections 2923.5 and 2923.7 which are preempted by federal law for the reasons stated above.

Accordingly, the Court holds that Plaintiffs' fifth cause of action for accounting is preempted by HOLA.

### 3. Plaintiffs' Cause of Action for Promissory Estoppel Fails to State a Claim.

The Court now turns to examine Plaintiffs' second cause of action for promissory estoppel which is not preempted under HOLA, in order to determine whether Plaintiffs can avoid dismissal by having stated sufficient facts which may entitle them to relief.

Wells Fargo moves to dismiss on the grounds that Plaintiffs fail to state sufficient facts to satisfy the elements of a promissory estoppel claim.

> Under both California and federal common law, to establish an enforceable contract based on promissory estoppel, the promisee must show: (1) the existence of a promise; (2) that the promisor reasonably should have expected to induce the promisee's reliance; (3) that the promise actually induces such reliance; (4) that such reliance is reasonable; and (5) that injustice can be avoided only by enforcement of the promise.

12

*DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 412 n.4 (9th Cir. 1994); *see also* Restatement (Second) of Contracts § 90 (1981).

In order to state a claim for promissory estoppel, "the promise must be 'clear and unambiguous.'" *Aguilar v. Int'l Longshoremen's Union Local # 10*, 966 F.2d 443, 446 (9th Cir. 1992) (quoting *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976)). If a promise is "'vague, general or of indeterminate application' [it] is not enforceable." *Id.* (quoting *Hass v. Darigold Dairy Prods. Co.*, 751 F.2d 1098, 1100 (9th Cir. 1985)). Moreover, allegations that a defendant "agree[d] to a loan modification with unspecified terms at some point in the unspecified future are insufficient to permit the court to reasonably infer that [a defendant] made a clear promise to modify [the] loan." *Melegrito v. CitiMortgage Inc.*, 2011 WL 2197534, at *13 (N.D. Cal. June 6, 2011). *See also Dooms v. Federal Home Loan Mortg. Corp.*, 2011 WL 1232989, at *10 (E.D. Cal. Mar. 31, 2011) (dismissing a promissory estoppel claim where the plaintiff failed to specify (1) a particular representative who made the promise; (2) the terms of the loan modification; and (3) consideration offered in return for the promise).

Even if a court were to find a "clear and unambiguous promise," a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments is generally unenforceable. *See Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1039 (2010); *see also Raedeke v. Gibraltar Sav. & Loan Ass'n*, 10 Cal. 3d 665, 673 (1974) (holding that a gratuitous oral promise to postpone a sale of property pursuant to the terms of a trust deed unenforceable in the absence of consideration). The absence of consideration or benefit to the promisor does not, however, defeat a claim based upon promissory estoppel. *Garcia*, 183 Cal. App. 4th at 1040.

The doctrine of promissory estoppel "make[s] a promise binding under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange." *Raedeke*, 10 Cal. 3d at 672. "Under this doctrine a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement." *Youngman v. Nevada Irrigation Dist.*, 70 Cal. 2d 240, 249 (1969). "The vital principle is that he who by his

1  language or conduct leads another to do what he would not otherwise have done shall not
2  subject such person to loss or injury by disappointing the expectations upon which he acted."
3  *Garcia*, 183 Cal. App. 4th at 1041.  "In such a case, although no consideration or benefit
4  accrues to the person making the promise, he is the author or promoter of the very condition of
5  affairs which stands in his way; and when this plainly appears, it is most equitable that the court
6  should say that they shall so stand."  *Id.*  (citing *Wade v. Markwell & Co.*, 118 Cal. App. 2d
7  410, 420 (1953)).

8  Here, Plaintiffs plead that Wells Fargo promised them: (1) that they would be approved
9  for a loan modification if the Co-Borrowers quitclaimed their interest in the Property to
10 Plaintiffs; (2) that Plaintiffs qualified for a modification; (3) that Plaintiffs would be considered
11 for a modification; and (4) that a modification program was available.  (Compl., ¶¶ 41-44.)
12 Plaintiffs further plead that these representations constituted implied promises that Wells Fargo
13 would not pursue foreclosure or schedule a Trustee Sale of the Property or subject loan, and that
14 Plaintiffs reasonably relied on said promises "to their detriment."  (Compl., ¶¶ 45-46.)

15 Even if the Court were to find that Plaintiffs pled "clear and unambiguous" promises,
16 Plaintiffs fail to allege how they relied on said promises "to their detriment" or why they were
17 justified in discontinuing payments to Wells Fargo while their loan modification application
18 was pending approval.  Furthermore, under the doctrine of promissory estoppel, it is unclear to
19 the Court why Wells Fargo should have reasonably expected a "substantial change in position,
20 either by act or forbearance, in reliance" on Wells Fargo's promise.  Accordingly, even
21 construing the Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs
22 have failed to state sufficient facts to support a claim for promissory estoppel.

## CONCLUSION

24 For the reasons stated herein, the Court GRANTS Wells Fargo's motion to dismiss.
25 Accordingly, the Court DISMISSES Plaintiffs' first, third, fourth, and fifth causes of action
26 without leave to amend as preempted by HOLA.  Because this Court cannot say that it would be
27 an act of futility, the Court DISMISSES Plaintiffs' second cause of action with leave to amend.

Plaintiffs may file an amended complaint setting out facts to support a cause of action for promissory estoppel within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated: November 10, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE